**FRANK C. GILMORE, ESQ. - NSB #10052**
frank@gilmoregroupnv.com
The Gilmore Law Group PLLC
3715 Lakeside Drive
Reno, Nevada 89509
Telephone:     (775) 848-6387
Facsimile:     (775) 996-9898

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EVANS DELIVERY COMPANY, INC., a Pennsylvania Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ITS LOGISTICS, LLC, a Delaware limited liability company; and ITS NATIONAL, LLC, a Delaware limited liability company; and DOES I-X, inclusive, <br><br> Defendants. | CASE NO.  3:23-cv-00533 <br><br> **COMPLAINT** |

Plaintiff Evans Delivery Company, Inc. ("Evans") hereby brings this Complaint against Defendants, ITS Logistics, LLC ("ITS Logistics") and ITS National, LLC ("ITS National")(collectively with ITS Logistic, "ITS"), and allege and aver as follows:

## PARTIES

1.     Evans is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Schuylkill Haven, Pennsylvania.

2.     ITS Logistics is a Delaware limited liability company doing business in the State of Nevada.

3.     On information and belief, the three members of ITS Logistics are Scott Pruneau,

1

Tammi Scott, and Michael Crawford, all of whom are residents of the State of Nevada.

4.    ITS National is a Delaware limited liability company doing business in the State of Nevada, with a principal office in the City of Sparks, Nevada.

5.    On information and belief, the sole member of ITS National is Scott Pruneau who is a resident of the State of Nevada.

6.    Defendant "Does I-X" are the names of unidentified individuals or entities who may be responsible for the acts complained of.  If or when the true identities of the liable individuals or entities are made known to Plaintiff, this Complaint may be amended pursuant to Fed. R. Civ. P. 15.

## JURISDICTION AND VENUE

7.    Jurisdiction in this matter is based upon 28 U.S.C. 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8.    Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(b) because the defendants reside in this district and are subject to the Court's personal jurisdiction with respect to this action.

## PREDICATE FACTS

9.    Evans is a federally licensed interstate motor carrier.

10.    Evans seeks to collect freight charges and related accessorial charges, including detention, per diem, and chassis charges that are due to it for the interstate motor carrier transportation services it provided for ITS.

11.    ITS is a third-party logistics provider and a federally licensed property broker.

12.    Beginning on or about January 2021, ITS engaged Evans to provide transportation services to and from various locations including, but not limited to, Chicago, Illinois, Jacksonville, Florida, North Kansas City, Missouri and Lebanon, Indiana.

13.    In exchange for Evans providing transportation services including securing necessary equipment and incurring related costs such as per diem and chassis, ITS agreed to pay Evans for the services Evans rendered and the costs Evans incurred.

14.    In furtherance of the parties' relationship, in September of 2022, ITS and Evans

entered into a Broker-Carrier Agreement ("Agreement") wherein ITS agreed to engage Evans to provide transportation services, and ITS agreed to pay Evans for those services.

15. Upon ITS's request, Evans would travel to the facility where the shipment was located, pick up the shipment, and transport it to its destination pursuant to the terms of the Agreement.

16. After completing delivery, Evans would invoice ITS for the services it rendered and the costs it incurred.

17. On multiple occasions throughout the relevant time period, ITS failed to make payment despite representing its intention to pay Evans for services rendered and costs incurred in rendering those services.

18. Despite its demand for payment, Evans has not been paid for the services it rendered to ITS or the costs it incurred in rendering those services, in violation of the Agreement.

## FIRST CLAIM FOR RELIEF
### (*Failure to Pay Motor Carrier Freight and Accessorial Charges*)

19. Evans incorporates the foregoing above as if set forth in full herein.

20. ITS engaged Evans to provide transportation services on behalf of itself and its customers to and from various locations throughout the United States.

21. Under the governing terms of transportation and as agreed to by and between the parties, ITS was obligated to pay the freight charges owed for the services Evans rendered and would accrue late fees for failing to pay the charges in a timely fashion.

22. The freight and accessorial charges ITS owes Evans for the transportation services Evans rendered well exceed $75,000.00.

23. Evans performed its obligations under the governing terms of transportation for the services it rendered on behalf of ITS.

24. Evans has not received payment for the freight and accessorial charges it is owed for the services it rendered to ITS.

25. Despite Evan's demands, ITS has failed to pay the freight and accessorial charges due to Evans for the services Evans rendered.

3

**SECOND CLAIM FOR RELIEF**
(*Breach of Contract (in the Alternative)*)

26.     Evans incorporates the foregoing above as if set forth in full herein.

27.     Evans agreed to provide the transportation services to ITS pursuant to the terms of the Agreement, and ITS agreed to pay for those services, including related accessorial charges such as per diem, chassis, and detention charges.

28.     Pursuant to the agreements of the parties, including but not limited to the Agreement, ITS was required to pay Evans for the services Evans rendered on behalf of ITS and ITS's customers including any freight and/or accessorial charges.

29.     Evans performed its obligations under the Agreement and ensured that the shipments were transported from their origin to the required destination pursuant to ITS's request(s).

30.     Evans invoiced the freight and accessorial charges for the services Evans rendered to ITS at the agreed-upon rates.

31.     In breach of the parties' agreement, ITS failed to pay Evans for the outstanding freight and accessorial charges, and as a result, ITS's obligation to pay Evans has not been met.

32.     As a direct and proximate cause of ITS's breach of its obligation to pay Evans for the services Evans rendered, Evans incurred damages well in excess of $75,000.00.

33.     The outstanding principal balance of the freight and accessorial charges owed to Evans well exceeds $75,000.00.

**THIRD CLAIM FOR RELIEF**
(*Unjust Enrichment (in the Alternative)*)

34.     Evans incorporates the foregoing above as if set forth in full herein.

35.     Evans conferred the benefit of its motor carrier transportation and services to ITS.

36.     ITS received Evans's services for the transportation of the shipments Evans transported, and ITS realized the use and enjoyment of the services as part of its ongoing business and relationship with its customers.

37.     Evans reasonably expected to be paid for the services it provided to ITS for the services it rendered.

4

38. ITS knew or reasonably should have known that Evans expected to be paid for the services it provided ITS.

39. The transportation services rendered by Evans have a reasonable value well in excess of $75,000.00.

40. ITS has unreasonably failed to pay Evans for the reasonable value of the services Evans rendered.

41. As a result, ITS has unjustly received the benefit of the services Evans provided without paying Evans for those benefits.

42. Allowing ITS to retain the benefit of the service Evans provided without paying Evans would be unjust.

### FOURTH CLAIM FOR RELIEF
#### (*Promissory Estoppel (in the Alternative)*)

43. Evans incorporates the foregoing above as if set forth in full herein.

44. Evans provided ITS with motor carrier transportation and services.

45. Evans reasonably relied upon the unconditional promises of ITS to Evans' eventual detriment and Evans' reliance was expected by, and foreseeable to ITS.

46. ITS failed to tender the promised compensation due and owing to Evans for the transportation services Evans provided.

47. Evans has suffered damages well in excess of $75,000.00 due to its reasonable reliance on the unconditional promises of ITS.

48. ITS must be estopped from contending that it does not owe Evans for the services rendered and the costs incurred.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, Plaintiff prays for relief as follows:

1.      For general and special damages according to proof;

2.      For injunctive relief;

3.      For attorney fees and costs; and

4.      For any further relief as the Court deems just and proper.

Dated this 1st day of November, 2023.

THE GILMORE LAW GROUP, PLLC
3715 Lakeside Drive
Reno, Nevada 89509

 */s/ Frank C. Gilmore*
FRANK C. GILMORE
*Attorneys for Plaintiff*